FULLER v. HUFF et al.

(Circuit Court, S. D. New York. December 27, 1899.)

TRADE-NAMES—INFRINGEMENT.

One dealing in prepared foods in the name of "Health Food Company" cannot enjoin the use by another, dealing in similar products, of the name "Sanitarium Health Food Co.," on the ground that the use thereof is calculated to divert plaintiff's business to defendant; the products being known as "health foods" to some extent, and to that extent the words being merely descriptive, and the prefix "Sanitarium" being sufficient to distinguish the names in trade.

In Equity.

Charles G. Coe, for plaintiff.

Kerr, Page & Cooper, for defendants.

WHEELER, District Judge. The plaintiff, a citizen of New Jersey, has for many years dealt in cereal products and prepared foods, in the name of "Health Food Company," adopted by him for that purpose, at New York and elsewhere; and the defendant, the Health Reform Institute, a corporation of Michigan, by the defendant Huff, as manager, in the name of the "Battle Creek Sanitarium Health Food Co.," and "Sanitarium Health Food Co.," adopted since, deals in similar products and foods. The plaintiff does not, and, upon the case, well could not, claim that the defendants adopted the words "Health Food" into their business name for the purpose of appropriating the plaintiff's trade, nor that such use has had that effect to any appreciable or known extent, but would sustain the bill for that such use of these words is calculated to divert the plaintiff's business to the defendants. Such special products and preparations are known as "health foods" to some extent, at least, and to that extent the words would be merely descriptive of the articles; and any one would seem to have a right to use them upon those articles, in any name or mark that would not otherwise signify another's business. Goodyear India-Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 9 Sup. Ct. 166, 32 L. Ed. 535. And in this case the words "Battle Creek Sanitarium," or the word "Sanitarium," prefixed to the plaintiff's business name, to constitute the defendant's, would seem to as well distinguish the names in trade as a different given name to the same surname of different persons would. They seem clearly distinguishable, and would not necessarily, nor be likely to, create damaging business confusion. So the defendants do not appear to have unlawfully appropriated the plaintiff's business name in making up their own. Bill dismissed.